UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT HOFFMAN,<br>　　　　　　Plaintiff,<br>v.<br><br>CODY CRITES, JAVAUGHN<br>ACREE-MANUAL, and JOHN<br>MORRELL,<br>　　　　　　Defendants.<br>_____/ | Case No.: 21-10703<br><br>Mark A. Goldsmith<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### ORDER ON PLAINTIFF'S MOTION TO COMPEL (ECF No. 29), GRANTING MOTION TO TAKE PLAINTIFF'S DEPOSITION (ECF No. 27), AND TERMINATING AS MOOT MOTION FOR EXTENSION (ECF No. 36)

Before the Court are Plaintiff's November 30, 2021 motion to compel (ECF No. 29), defendants Crites and Morell's motion to take Plaintiff's deposition (ECF No. 27), and defendants Acree-manual, Crites, and Morrell's motion for extension of time to respond to Plaintiff's latest motions to compel (ECF No. 36).

The following general discovery principles apply to the discovery motions. Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37.

    A.    <u>Plaintiff's Motion to Compel (ECF No. 29)</u>

There are two interrogatories and three requests for production of documents at issue in Plaintiff's motion.

The first contested interrogatory response involves a dispute about a typographical error. In the response to interrogatory no. 1, Defendant Crites' counsel retyped Plaintiff's interrogatory before providing his answer. He explains he inadvertently mistyped the date stated in the interrogatory. In that discovery request, Plaintiff asked about a statement from Crites to Plaintiff on August 14, 2020, but counsel wrote August 13, 2020 instead. That said, Crites' counsel represents the response refers to communications that occurred on August 14th.

2

Based on this representation, the Court will not require Crites to supplement his response to include the correct date in the recitation of the interrogatory. The substance of Crites' response concerns what occurred on August 14, 2020, not the day before.

Plaintiff next argues Crites' response to interrogatory no. 7 is evasive or incomplete. Plaintiff asked, "How did you determine that Hoffman's words in the 08-16-20 jpay email to Christina Mee were meant to degrade, or harass you?" (ECF No. 29, PageID.304). Plaintiff contends Crites' response did not explain how he determined that Plaintiff's words were meant to degrade or harass.

The Court disagrees with Plaintiff. In his response, Crites wrote that Policy Directive 03.03.105B includes "writing about or gesturing to an employee in a derogatory manner" as an example of insolence. Then, he stated the words Plaintiff used in the email, "idiot" and "dumbass," "have a commonly accepted meaning that qualifies as degrading pursuant to MDOC policy defining 'Insolence.'" (ECF No. 30, PageID.330). Crites responded that Plaintiff's message was written shortly after he informed Crites he would deliberately misbehave to receive misconducts. (*Id.*).

This response answers the question. Crites explained how he determined Plaintiff's words were degrading or harassing—those words qualify as degrading to an employee. The motion to compel a supplemental response will be denied.

The final contested discovery requests are the responses to requests for production of documents nos. 3-5. These requests ask the defendants to make available for inspection emails or other documents received by Deputy Warden LaFave, Deputy Warden McRoberts, and Acting Warden Shaver between August 9, 2020 and September 9, 2020, containing any portion of the following words: "Cody Crites, Javaughn Acree-Manual, legal mail, grievance, hunger strike, quarantine, control center, CC, C/C, and Robert Hoffman #181813, social distancing." (ECF No. 29, PageID.317-20). Defendants object to these requests. They argue the requests produced 1,849 potentially responsive emails and what could likely exceed over 10,000 pages of emails and email attachments that will require 80-120 hours of attorney or paralegal time to review. (ECF No. 30, PageID.332-33).

The requests are unclear whether Plaintiff wanted all emails containing any one of the search terms alone, or whether he wanted emails containing the search terms along with "Robert Hoffman #181813," so that the search would only capture emails about Plaintiff. From Defendants' briefing, it sounds as though the search captured emails containing at least one search term by itself without Plaintiff's name or inmate number included in the search. This appears so because, for example, one of the categories of emails returned from the search includes movement pertaining to other prisoners, which would not be relevant here. Emails

4

exchanged during that time containing the word "quarantine," with no reference to Plaintiff, for example, is unlikely to contain relevant information. It also seems unlikely LaFave, McRoberts, and Shaver sent or received 1,849 emails in a single month discussing Plaintiff.

The motion to compel responses to the requests for documents is granted in part. Because of Plaintiff's status as an incarcerated litigant, the Court cannot easily get to the bottom of the matter with a telephonic status conference. Thus, the Court proposes the following limitation on the request for documents. Defendants must search for emails dated between August 9, 2020 and September 9, 2020 sent or received by Deputy Warden LaFave, Deputy Warden McRoberts, and Acting Warden Shaver containing "Robert Hoffman" *or* his inmate number "181813" *and* any the remaining search terms—Cody Crites, Javaughn Acree-Manual, legal mail, grievance, hunger strike, quarantine, control center, CC, C/C, and social distancing. This should reduce the number of emails returned from the search and capture only relevant emails.

If this more limited search is not what Plaintiff intended or does not resolve the issues identified by Defendants, the parties must file a brief explaining their positions.

    B.    <u>Motion to Depose Plaintiff (ECF No. 27)</u>

Defendants seek leave to depose Plaintiff where he is currently housed (Parnall Correctional Facility) either in person, by telephone, or by video teleconference, pursuant to Fed. R. Civ. P. 30(a)(2)(B). This is consistent with Federal Rule of Civil Procedure 30(a)(2), which requires leave of court to depose an incarcerated individual and which should be permitted when consistent with the principles outlined in Rule 26(b)(2). Plaintiff has not indicated objection to the deposition.

Having considered the request, it is **GRANTED**. The Michigan Department of Corrections is ordered to produce Plaintiff for his deposition. The deposition must take place at a date and time agreed on by the parties and the correctional facility. The deposition may occur in person, by telephone, or by video teleconference.

C. Defendants' Motion for Extension of Time (ECF No. 36)

On January 27, 2022, all three defendants moved for an extension of time to respond to Plaintiff's January 14, 2022 motions to compel. Those motions to compel were docketed by the Clerk's Office on January 24, 2022. They ask for a deadline of February 7, 2022, to give them 14 days from the date of service of the motions to respond. The motion for an extension is **MOOT**. Eastern District of Michigan Local Rule 7.1 provides that a response brief "must be filed within 14 days after *service* of the motion." MIED LR 7.1(e)(1) (emphasis added). The

defendants were not served with Plaintiff's motions until they were docketed on January 24, 2022 (the electronic case filing system sends counsel email notification of the docketing). By operation of the Local Rules, the response brief is due no later than February 7, 2022.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: February 4, 2022               s/Curtis Ivy, Jr.
                                     Curtis Ivy, Jr.
                                     United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 4, 2022, by electronic means and/or ordinary mail.

                                       s/Kristen MacKay
                                       Case Manager
                                       (810) 341-7850