UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HOFFMAN,                         Case No.: 21-10703
                        Plaintiff,

v.                                       Mark A. Goldsmith
                                         United States District Judge

CODY CRITES, JAVAUGHN
ACREE-MANUAL, and JOHN                   Curtis Ivy, Jr.
MORRELL,                                 United States Magistrate Judge
                        Defendants.
_____/

**ORDER TERMINATING AS MOOT MOTIONS TO COMPEL (ECF Nos.
31, 34); TERMINATING MOTION TO COMPEL (ECF No. 32);
GRANTING MOTION TO COMPEL (ECF No. 33); and DENYING AS
MOOT MOTION TO COMPEL (ECF No. 44)**

Before the Court are Plaintiff's four motions to compel filed on January 14,

2022 and a motion to compel filed March 16, 2022.  (ECF Nos. 31-34, 44).

The following general discovery principles apply to the discovery motions.

Parties may obtain discovery related to any nonprivileged matter relevant to any

party's claim or defense and proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit.  Fed. R. Civ. P.

26.  Information within this scope of discovery need not be admissible in evidence

to be discoverable.  *Id.*  "Although a [party] should not be denied access to information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive."  *Superior Prod. P'ship v. Gordon Auto Body Parts Co*., 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc*., 474 F.3d 288, 305 (6th Cir. 2007)).  A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  Fed. R. Civ. P. 37.

A.    Motions to Compel at ECF No. 31 and 34

    In his reply brief, Plaintiff conveyed the disputes raised in his motions to compel at ECF Nos. 31 and 34 were resolved.  He asked that both motions be withdrawn.  (ECF No. 40).  Thus, the motions are **TERMINATED AS MOOT**.

B.    Motion to Compel at ECF No. 32

    The document at ECF No. 32 is not a motion to compel.  Rather, it is a declaration and statement in support of Plaintiff's motion to compel inspection of documents at ECF No. 33, addressed below.  Plaintiff uses this declaration to explain the purported tardiness of the motion to compel inspection.  He asserts the tardiness (tardy because it was not filed within 14 days of the emergence of the discovery dispute) was caused by delays by prison staff in making copies of

2

necessary legal documents.  The "motion to compel" at ECF No. 32 is

**TERMINATED**.  Any tardiness in the motion at ECF No. 33 is excused.

C.    Motion to Compel at ECF No. 33

At issue is Plaintiff's second request for production of documents.  He first

sought all emails (1) sent or received by Defendant John Morrell between August

17 and August 20, 2020, (2) sent or received by SMT General Office Assistance

Bennett between August 17 and August 20, 2020, (3) sent or received by Captain

Frank Sawyer between August 17 and August 27, 2022, and (4) sent or received by

Defendant JaVaughn Acree-Manual between August 13 and September 13, 2020.

(ECF No. 33, PageID.389-394).  On September 24, 2021, Defendants objected to

these requests asserting that the requests are overly broad and burdensome.  These

four requests produced 2,693 potentially responsive emails, many containing

additional pages of attachments.  Each of the items needs to be reviewed for

protected information and safety and security concerns.  They assert this would

take 80-120 hours of attorney and paralegal time.  Defendants' counsel stated nine

hours has already been spent on retrieval and review.  That review confirmed many

emails contain sensitive information that would need to be redacted.  In short,

Defendants argue the requests are disproportionate to the needs of the case and

issues at stake.  (*Id.* at PageID.389-91).  In the response brief, Defendants also state

the requests seek irrelevant information.  (ECF No. 39, PageID.443-44).

Plaintiff contends he tried to narrow the requests in a letter dated December 2, 2021.  Therein he agreed to limit the search to the following search terms for Morrell's and Bennett's emails: "Robert Hoffman #181813, Crites, insolence, Simmons, Inspector."  He agreed to following search terms for Sawyer's and Acree-Manual's emails: "181813, Robert Hoffman, Cody Crites, legal mail, mass prisoner movement, and Covid-19."  (ECF No. 33, PageID.400).  Defendants did not address this letter and the proposals in their response.

It would seem using Plaintiff's proposed search terms would reduce the number of responsive emails returned in the search, and thus reduce the burden of review and redaction.  The motion to compel is **GRANTED**.  Defendants must undertake a search of emails using Plaintiff's search terms included in the December 2, 2021 letter.  Responsive, non-privileged emails must be produced to Plaintiff **within 21 days** of this Order.  If Defendants' objections remain, they must state them with specificity, addressing each proportionality factor and/or explaining why the emails are irrelevant.

D.    Motion to Compel at ECF No. 44

Three issues are raised in this motion.  The first concerns a prior Court Order directing Defendants to search for and produce responsive emails using the search terms listed in the Order.  (ECF No. 44, PageID.480).  Plaintiff argues that as of the date of his motion, Defendants had produced no emails.  In their response,

Defendants explain they "filed" their supplemental responses on March 16, 2022, the same day Plaintiff's motion to compel was postmarked.  (ECF No. 45, PageID.494-95).  Presumably, their "filing" the responses meant they sent them to Plaintiff.  Since Defendants have provided supplemental responses, the motion to compel is **MOOT**.

The second issue is about Plaintiff's interrogatories to Defendant JaVaughn Acree-Manual.  He asserts that as of the day of his motion, no responses had been given.  (ECF No. 44, PageID.480).  According to Defendants' counsel, there was limited contact with Acree-Manual while he was attending a training event held out of the state.  Manual has since provided responses that was mailed to Plaintiff on the date of Defendants' response brief (April 8, 2022).  Counsel stated Manual's signature page will be forwarded to Plaintiff when it is received by counsel's office.  (ECF No. 45, PageID.495).  This must be done as soon as practicable.  In light of these representations, the motion is **MOOT**.

The third and final issue concerns an agreement between the parties that Defendants would provide to Plaintiff a copy of his JPAY emails sent prior to April 9, 2021 and documents related to "Mail History."  (ECF No. 44, PageID.481).  Defendants state that they "are still pulling together the requested documents and will provide them as soon as they have been gathered."  (ECF No. 45, PageID.495-96).  In his reply brief, dated April 18, 2022, Plaintiff indicates he

still does not have these documents.  The Court accepts Defendants' statement that they are still in the process of gathering the documents.  As responsive documents are forthcoming, the motion is **MOOT**.  However, the Court notes that discovery is set to close on June 1, 2022, which is fast approaching.  (ECF No. 26).  Defendants must provide the documents as soon as possible.

    **IT IS SO ORDERED**.

    The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date:  April 28, 2022         s/Curtis Ivy, Jr.
                               Curtis Ivy, Jr.
                               United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 28, 2022, by electronic means and/or ordinary mail.

s/Kristen MacKay
Case Manager
(810) 341-7850