UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT HOFFMAN,<br>      Plaintiff,<br>v.<br><br>CODY CRITES, JAVAUGHN<br>ACREE-MANUAL, and JOHN<br>MORRELL,<br>      Defendants.<br>_____/ | Case No.: 21-10703<br><br>Mark A. Goldsmith<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## ORDER ON DISCOVERY MOTIONS (ECF Nos. 48, 49, 50, 53)

Plaintiff filed three motions in June: a motion to extend discovery (ECF No. 48), a motion to compel concerning production of documents (ECF No. 50), and a motion to compel responses to interrogatories (ECF No. 49). The defendants moved to extend the dispositive motion deadline to 60 days after the Court's order on Plaintiff's discovery motions. (ECF No. 53).

A. Motion to Compel Responses to Interrogatories (ECF No. 49)

The issues raised in this motion have been narrowed. Among the resolved issues is that defendant Acree-Manual will respond to Plaintiff's second set of interrogatories by July 1, 2022. But in his reply brief, Plaintiff requests a Court order for Acree-Manual to provide the responses by a date certain. Given defendant's counsel's representation that responses would be mailed by July 1,

2022, such an order is unnecessary. If Plaintiff has not received the responses, he may file a motion to compel responses.

The unresolved issue concerns the signature page to Acree-Manual's responses to Plaintiff's first set of interrogatories. According to Plaintiff's reply brief, he received the signature page in response to this motion to compel, but the signature is "questionable." (ECF No. 54, PageID.618). He contends that the signature page contains the names of two defendants and the signature is illegible, so it is not entirely clear whether Acree-Manual signed the page, or someone else signed it. He is concerned that the signature does not conform to Fed. R. Civ. P. 33(b)(5).

On review of the signature, the Court finds it satisfies Rule 33(b)(5). (*See* ECF No. 52-2, PageID.583). Acree-Manual's counsel represented that the signature above the typed name, "JaVaughn Acree-Manual" is Acree-Manual's signature.

The motion to compel is **DENIED**.

B.  Motion to Compel Production of Documents (ECF No. 50) and Plaintiff's Motion to Extend Discovery (ECF No. 48)

The remaining issue in this motion concerns Plaintiff's prior request for production of his email history. While defendants asserted they answered all of Plaintiff's document requests, (ECF No. 52, PageID.576), Plaintiff insists it has not been provided. The defendants previously agreed to produce the history when they

withdrew their objection to the request. (*See* ECF No. 39, PageID.442). Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. That said, Plaintiff is entitled to production of the email history. The motion is **GRANTED IN PART**. Defendants must mail the documents to Plaintiff **within 14 days** of this Order. Plaintiff's motion to extend the discovery deadline to allow time for this discovery to be produced (ECF No. 48) is **GRANTED** in that the Defendants will produce the email history within 14 days of this Order.

C. Defendants' Motion to Extend Dispositive Motion Deadline (ECF No. 53)

On July 1, 2022, the defendants moved to extend the dispositive motion deadline to 60 days after the Court's Order on Plaintiff's motions to compel addressed above. (ECF No. 53). Plaintiff did not file a response indicating opposition to the request. The motion is **GRANTED**. Dispositive motions must be filed on or before **Monday, November 7, 2022**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date:  September 7, 2022                s/Curtis Ivy, Jr.
                                        Curtis Ivy, Jr.
                                        United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 7, 2022, by electronic means and/or ordinary mail.

                                        s/Kristen MacKay
                                        Case Manager
                                        (810) 341-7850