UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT HOFFMAN, <br>                   Plaintiff, <br> v. <br><br> CODY CRITES, JAVAUGHN ACREE-MANUAL, and JOHN MORRELL, <br>                   Defendants. <br> _____/ | Case No.: 21-10703 <br><br> Mark A. Goldsmith <br> United States District Judge <br><br> Curtis Ivy, Jr. <br> United States Magistrate Judge |

## ORDER DENYING PLAINTIFF'S MOTION (ECF No. 57)

Plaintiff moved for an Order compelling the defendants to provide him a copy of his May 2022 deposition transcript for review or to notify the officer who recorded the deposition to provide the transcript. (ECF No. 57). He brings the motion under Fed. R. Civ. P. 30(e), which permits a deponent to review a deposition transcript and sign a statement listing any changes in form or substance. On request by the deponent, they are allowed 30 days after being notified by the officer that the recording is available to review the document and submit proposed changes.

Plaintiff asserts that at the beginning of his deposition he requested the opportunity to review the transcript under Rule 30(e), but he has not been notified by either the defendants or the officer that the transcript is ready for review. The

defendants argue that they are not obligated to notify Plaintiff when the transcript is ready to review, nor are they obligated to provide a copy of the transcript. The rule provides for the deposition officer to complete those tasks. (ECF No. 58).

The defendants are correct that they are not responsible under Rule 30(e). The motion to order them to provide a copy of the transcript or to communicate to the officer on his behalf is **DENIED**. Plaintiff must send a letter to the officer who conducted the deposition to request a copy of the transcript for review. If Plaintiff does not have the officer's contact information, the defendants are directed to provide the contact information on Plaintiff's request.

Given the further delay in Plaintiff reviewing the transcript, the Court will extend the dispositive motion deadline to **December 9, 2022**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling

remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date:  October 19, 2022                         <u>s/Curtis Ivy, Jr.</u>
                                                Curtis Ivy, Jr.
                                                United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 19, 2022, by electronic means and/or ordinary mail.

                                        s/Kristen MacKay
                                        Case Manager
                                        (810) 341-7850