UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HOFFMAN,

        Plaintiff,                Case No. 21-cv-10703

v.                                HON. MARK A. GOLDSMITH

CODY CRITES et al.,

        Defendants.
_____/

**OPINION & ORDER
(1) ACCEPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 72), (2) SUSTAINING PLAINTIFF'S OBJECTION (Dkt. 75), AND (3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 64)**

The matter before the Court is the Report and Recommendation (R&R) of Magistrate Judge Curtis Ivy, Jr. issued on October 12, 2023 (Dkt. 72). In the R&R, the magistrate judge recommends that Defendants' motion for summary judgment be granted in part and denied in part. Plaintiff Robert Hoffman filed a timely objection[1] to the R&R (Dkt. 75) and Defendants have filed a response to Hoffman's objection (Dkt. 77). For the reasons that follow, the Court (i) accepts in

---

[1] Parties may serve and file objections to a magistrate judge's R&R within 14 days of service. Fed. R. Civ. P. 72(b)(2). When a party must act within a specific period of time after being served and service is made by mail, three days are added after the period would otherwise expire. Fed. R. Civ. P. 6(d). Further, documents filed in federal court by prisoners are deemed filed when submitted to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 270–276 (1988). The certificate of service on the docket shows that service of the R&R was mailed to Hoffman on October 12, 2023. Rule 6(d) adds three days to the 14-day deadline for Hoffman's objections set by Rule 72(b)(2), making his deadline to submit his objections to prison officials for mailing October 29, 2023. Hoffman submitted his objection to MDOC officials on October 24, 2023. See Obj. to R&R at PageID.919. Therefore, his objection was timely.

1

part and denies in part the recommendation in the R&R, (ii) sustains Hoffman's objection, and (iii) grants in part and denies in part Defendants' motion for summary judgment.[2]

## I. BACKGROUND

The full relevant factual background is set forth in the magistrate judge's R&R. See R&R at 1–5. Hoffman is a prisoner at Parnall Correctional Facility (SMT), where Defendants Crites, Acree-Manual and Morrel work. Compl. (Dkt. 1) at 1–2. Hoffman alleges that the Defendants subjected him to treatment that violated his rights under the First Amendment of the Constitution. Id. Specifically, Hoffman's complaint alleges:

- Crites retaliated against Hoffman in violation of the First Amendment by writing him an IARM ticket in response to Hoffman filing a formal grievance against Crites;

- Crites retaliated against Hoffman in violation of the First Amendment by writing him an insolence ticket in response to (i) Hoffman sending an outgoing JPay message that said "critical" things about Crites, and (ii) Hoffman filing a formal grievance against Crites;

- Crites retaliated against Hoffman in violation of the First Amendment with verbal assaults, threats of misconduct tickets, and threats of serious bodily harm;

- Crites and Morrell applied the Michigan Department of Corrections (MDOC) insolence policy in a manner that violated his First Amendment right to free speech;

- Acree-Manual retaliated against Hoffman in violation of the First Amendment with threats of serious physical injury in response to Hoffman filing a formal grievance about Acree-Manual;

- Morrell intentionally suppressed Hoffman's right to free speech under the First Amendment by censoring Hoffman's outgoing JPay message.

Id. at 6–7.

---

[2] Because oral argument will not aid the Court's decisional process, the motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).

Defendants moved for summary judgment on most claims, arguing that (i) Hoffman cannot show that he was engaged in protected conduct, (ii) Hoffman's as applied claim should be dismissed because the First Amendment does not provide the right to violate a valid MDOC policy when the policy is rationally related to a legitimate government interest, and (iii) the Defendants are entitled to qualified immunity. Def. Mot. Summ. J. (Dkt. 64). Defendants did not move for summary judgment on Hoffman's claims that Crites and Acree-Manual retaliated against Hoffman with threats of serious physical injury or misconduct tickets. Id.

The magistrate judge recommends that the Defendants' motion for summary judgment be denied as to the First Amendment retaliation claims unrelated to the JPay message and granted as to the JPay message retaliation claims and free speech claims. R&R at 18. Hoffman filed a timely objection to the R&R, arguing that a genuine issue of material fact exists as to why Crites wrote Hoffman the insolence ticket. Obj. to R&R at 4. For the reasons that follow, Hoffman is correct and the Court sustains his objection.

## II. ANALYSIS

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.") (punctuation modified). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

3

Hoffman objects to the portion of the R&R that grants summary judgment as to his First Amendment retaliation claim regarding the insolence ticket written by Crites. To succeed on his First Amendment retaliation claim, Hoffman must show that (i) he engaged in protected conduct; (ii) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (iii) there is a causal connection between elements one and two. See Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999).

The magistrate judge found that Crites "wrote the insolence ticket because of the content in [Hoffman's] JPay message," which the magistrate judge reasoned was not protected conduct because Hoffman violated prison rules by including demeaning words in the message. R&R at 14. The magistrate judge is correct that sending the JPay message was not protected conduct, but the magistrate judge did not explain why he found that Crites wrote the insolence ticket solely because of the JPay message. Hoffman contends that Crites wrote the insolence ticket not just because of Hoffman's JPay message, but also because of the kites and grievances Hoffman filed about Crites. Obj. to R&R at 2–3. This is an important distinction because Hoffman's kites and grievances constitute protected activity. See R&R at 8.

The magistrate judge acknowledged that "[Hoffman] submitted an affidavit from another prisoner who asserts that on August 20, 2020, he overheard Crites tell [Hoffman] that he wrote the insolence ticket because of letters, grievances, JPay messages, and [Hoffman's] hunger strike." Id. at 14 (citing Resp. to Mot. Summ. J. (Dkt. 68) at PageID.849). This refers to the declaration of Brian Abel, another prisoner at SMT, which Hoffman attached to his response to Defendants' motion for summary judgment. See Abel Decl., Resp. to Mot. Summ. J. (Dkt. 68) at PageID.849. Despite this evidence, the magistrate judge concluded that Crites wrote the insolence ticket solely because of the JPay message, without explaining why he reached this conclusion. R&R at 14.

4

This was an error. Abel's declaration, which is signed under penalty of perjury, is evidence that contradicts Crites's assertion that he only wrote the insolence ticket because of the JPay message. This evidence is enough to raise a genuine dispute as to whether Crites was motivated—at least in part—by Hoffman's kites and grievances. For this reason, the Court rejects the recommendation to grant summary judgment as to Hoffman's First Amendment retaliation claims related to the insolence ticket.[3]

### III. CONCLUSION

For the reasons stated above, the Court (i) accepts in part and denies in part the recommendation in the R&R, (ii) sustains Hoffman's objection, and (iii) grants in part and denies in part Defendants' motion for summary judgment. Defendant Morrell is dismissed from the case as there are no remaining claims against him.

SO ORDERED.

Dated: December 28, 2023  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
  United States District Judge

---

[3] Hoffman attached an email he sent to a Detroit Free Press reporter to his objection. Obj. to R&R at PageID.920. The Government argues the email should be stricken because it is inadmissible hearsay. Gov. Resp. at PageID.928–929. As the email is irrelevant to the Court's holding, the Court need not, and did not, consider the email in reaching its decision.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 28, 2023.

s/Jennifer McCoy
Case Manager
